WILLIAMS PATENT CRUSHER & PULVERIZER CO. v. LYTH TILE CO.

(Supreme Court, Special Term, Erie County.  November, 1914.)

FRAUD (§ 25*)—MISREPRESENTATION—RIGHT TO RELY UPON.

While a party who makes an independent investigation cannot thereafter recover for misrepresentations made on the sale of an article, a person who through misrepresentation is induced to make an expensive and protracted investigation, but did not purchase, may recover for the injuries sustained by reason of such representations.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. § 24; Dec. Dig. § 25.*]

Action by the Williams Patent Crusher & Pulverizer Company against the Lyth Tile Company.  On demurrer to defendant's counterclaim.  Demurrer overruled.

See, also, 162 App. Div. 927, 147 N. Y. Supp. 1150.

Gibbons & Pottle, of Buffalo, for plaintiff.
Bartlett & Chamberlain, of Buffalo, for defendant.

BROWN, J.  The counterclaim alleges the making of certain enumerated false representations by the plaintiff to the defendant concerning a pulverizing machine, at various times during the negotiations for the purchase thereof by the defendant from the plaintiff; that such representations were calculated to deceive the defendant, and were made by plaintiff with intent to deceive and defraud the defendant; that such representations were false, and known by the plaintiff to be false when made; that defendant relied upon the same, and was thereby induced to do certain things to his detriment, and was induced to give said machine a trial, etc.; at large expense, to his damage, etc.  It appears from the complaint that no contract of purchase and sale was ever made by the parties.  The plaintiff demurs to the counterclaim, asserting that it does not constitute a cause of action.

The counterclaim does allege the representations, the falsity of the same, the reliance thereon, the inducement to act thereon, the deception thereby, and the injury.  The allegation that defendant was induced to make this expensive investigation, and was thus deceived and injured by the false representation, is a far different allegation from that which furnishes the basis for the rule that, when a person to whom a false representation is made makes an independent examination, he will be presumed to have relied upon his own judgment, and not upon the representation.  If defendant, after having made its examination and investigation, had made a contract to purchase, and had then sought to be relieved therefrom because of the false representations, it is very likely that it would have been confronted by the rule just referred to.  But no such situation is here presented.  The claim is that it was known to the plaintiff, when it made the false representations, that all of defendant's time and money in making the investigation would be wasted, that plaintiff made the representations for the purpose and with the intent of thus injuring defendant, and that defendant made its investigation, not a contract of purchase, relying

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon such representations. The counterclaim is not for damages for deceit in inducing defendant to buy a machine, but for damages for deceit in inducing it to spend time and money in a useless and frivolous examination during negotiations for a purchase that was not made.

The demurrer is overruled, with costs. Leave given plaintiff to plead to counterclaim.